In the Supreme Court of Georgia

Decided: January 19, 2016

S15A1487. CHURCHILL v. THE STATE.

MELTON, Justice.

Following a jury trial, Hodari Churchill was found guilty of felony murder and cruelty to children in connection with the death of three-month-old Jada McClain.[1] On appeal, Churchill contends, among other things, that the trial court erred by allowing into evidence certain photographs depicting prior injuries of the child victim. For the reasons that follow, we affirm.

1. Viewed in the light most favorable to the jury's verdict, the record

[1] On February 18, 2002, Churchill was indicted for malice murder, felony murder, and cruelty to children. Following a February 12-13, 2003 jury trial, Churchill was found guilty of felony murder and cruelty to children, but was acquitted of malice murder. On February 14, 2003, Churchill was sentenced to life imprisonment for felony murder, and the cruelty to children count was merged for sentencing purposes. On February 17, 2003, Churchill filed a motion for new trial, which he amended on May 3, 2004, and December 12, 2012. Following a hearing that began on December 20, 2012, and that was later completed on July 8, 2014, the trial court denied the motion on October 4, 2014. After being granted an extension of time to file his notice of appeal, Churchill filed his notice of appeal on November 26, 2014, and his case was docketed to the September 2015 Term of this Court and submitted for decision on the briefs.

shows that, on November 16, 2001, Churchill was living with his girlfriend, Tausha McClain, and McClain's infant daughter, Jada. On that same day, Jada stopped breathing while McClain was in the shower and while Jada was under Churchill's care. Churchill informed McClain that Jada had stopped breathing, and, after Churchill performed CPR on Jada and she started breathing again, he and McClain took Jada to the hospital, where she stayed for three days.

On the morning of December 23, 2001, Jada was "fine" and "smiling," and McClain left Jada at home alone with Churchill while she attended church. Later that morning while Churchill was still alone with Jada, McClain's sister, Dea, called McClain's home. Dea spoke with Churchill on the phone and could hear Jada in the background making a "high-pitched screaming cry." Between 12:00p.m. and 1:00p.m. that day, again while Churchill was alone with Jada, McClain's mother, Jacquelyn, visited McClain's home. Churchill answered the door and handed Jada, who was not breathing, to Jacquelyn. Jacquelyn started to perform "rescue breathing" on Jada, and she and Churchill drove Jada to the hospital. Churchill told Jacquelyn that Jada had stopped breathing after he left her on the couch while he was preparing a bottle for her. Jada died at the hospital later that same afternoon.

An autopsy revealed that Jada had sustained head and neck injuries, including bruising, hemorrhaging, whiplash, and a linear skull fracture, which resulted from blunt force trauma that was caused by "being slammed into something hard." The autopsy also revealed that the injuries likely occurred 20 to 30 minutes before Jada stopped breathing, a time when she was in Churchill's sole care, and that Jada had also suffered fractured ribs three to six weeks before her death.

The evidence was sufficient to enable a rational trier of fact to find Churchill guilty of felony murder beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. In two enumerations, Churchill contends that the trial court erred by allowing into evidence, over his objection, State's Exhibits 6 and 7, which were autopsy photographs depicting injuries to Jada's ribs that could have been inflicted three to six weeks prior to her death. Churchill asserts that the photographs were unduly prejudicial and that they should not have been allowed to show alleged prior difficulties between himself and Jada. However, as we have previously explained, " [a] photograph that depicts the victim after autopsy incisions … is admissible when necessary to show some material fact which

3

becomes apparent only because of the autopsy." (Citation omitted.) Norton v.

State, 293 Ga. 332, 335 (3) (745 SE2d 630) (2013). Here, the photographs in

question were relevant to show prior difficulties between Churchill and Jada,[2]

and this fact only became apparent as a result of the autopsy. Indeed, Jada

stopped breathing a few weeks before her death while she was under Churchill's

care, and the State's medical examiner testified that Jada's broken ribs that had

occurred around that same time were not consistent with fractures that would

have been caused by a person administering CPR, as Churchill had claimed, but

were evidence of prior abuse. The medical examiner further testified that Jada

could have stopped breathing as a direct consequence of having her ribs

fractured. We find no error in the trial court's admission into evidence of State's

Exhibits 6 and 7. See Stokes v. State, 289 Ga. 702, 706 (4) (715 SE2d 81)

(2011) (Photographs depicting baby's prior healing rib fracture were admissible

where they "served as part of the basis of the medical expert's opinion regarding

the mechanism of death and [were] relevant to prior difficulty testimony

---

[2] The trial court specifically instructed the jury that it could only consider this evidence for the limited purpose of showing possible prior difficulties between the defendant and the victim.

showing that [the defendant] had improperly squeezed the baby in the past").

Having shown no reversible error by the trial court, Churchill's claim that the trial court erred by denying his motion for new trial is without merit.

Judgment affirmed. All the Justices concur.